**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED JEWEL, | No. 06-71651 |
| Petitioner, | |
| | Agency No. A070-947-513 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2011[**]
Pasadena, California

Before: HAWKINS and FISHER, Circuit Judges, and ZOUHARY, District
Judge.[***]

Mohammed Jewel petitions for review of the Board of Immigration

Appeals' (BIA) decision denying his second motion to reopen. Jewel's motion to

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Jack Zouhary, District Judge for the Northern District of
Ohio, sitting by designation.

reopen alleged both changed circumstances in Bangladesh relevant to his original asylum application and ineffective assistance of counsel. Jewel argues that the BIA abused its discretion by denying his motion with respect to changed circumstances and by granting only limited relief with respect to ineffective assistance of counsel. We deny the petition.

The BIA's reasoning was adequate. Substantial evidence supports the BIA's conclusion that the motion alleged "a personal argument or vendetta" that has "no nexus to a ground protected under the [Immigration and Naturalization] Act." Unlike a situation where the BIA gives no explanation, *see Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), here there was enough reasoning to permit judicial review. There is no evidence of a mixed motive and therefore the personal vendetta cannot create a fear of persecution under either the pre- or post-REAL ID Act standard. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

We also deny the petition with respect to due process and relief from ineffective assistance of counsel. Jewel's motion was both late and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). He did not argue for equitable tolling. *See*, *e.g.*, *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1188-93 (9th Cir. 2001). Consequently, he was not entitled to relief. The BIA, however, sua sponte reopened Jewel's application to reinstate a period of voluntary departure but not a period to petition

2

for review of the denial of his previous motion.  Jewel cannot demonstrate the prejudice necessary to establish a due process violation, *see Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010), because the BIA gave him relief greater than his entitlement.

     **PETITION DENIED.**